## CIRCUIT COURT OF FAIRFAX COUNTY

SLM Concrete Corp., Inc.

v.

Richard Crenshaw et al.

February 28, 1990

Case No. (Chancery) 103127

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on defendant's Motion for Summary Judgment and for Leave for Extension of Time to File Responsive Pleading. The case was argued on February 16, 1990, at which time Mr. Boyd was present, although Mr. Cuco did not appear. For the reasons stated below, the Leave for Extension of Time is granted while Summary Judgment is denied.

The plaintiff filed its Bill to Enforce Mechanic's Lien on August 11, 1987. Defendants Richard and Joyce Crenshaw were duly served on August 20, 1987, but did not file any responsive pleading until October 8, 1987, nearly one month after their 21 days to respond had expired. The plaintiff then moved for Default Judgment against the Crenshaws on October 29, 1987, but no Default Judgment was ever entered.

Over two years later, on November 27, 1989, the Crenshaws filed Requests for Admission directed at the issue of who owned the property at the time the Memorandum of Mechanic's Lien was recorded. To date, no Answers to these Requests for Admission have been made. The Crenshaws have now proceeded to move for Summary Judgment, arguing that the plaintiff's Memorandum of Mechanic's Lien wrongly lists Browns Mill Development Corp. as the "Owner" instead of the Crenshaws.

This brief review reveals the completely tortured posture of this case. Both parties have moved for orders

and failed to appear at one time or another. To compound matters, the Crenshaws are now in the curious position of seeking summary judgment on the basis of unanswered Requests for Admission which they filed at a time when they were technically in default.

Because the Crenshaws had not previously been granted leave to cure their default, their Requests for Admission were not properly filed. Therefore, the record does not support their contention that the Memorandum of Mechanic's Lien lists the wrong owner. Summary judgment is accordingly not properly awarded at this time. The Crenshaws are instead granted leave to file a responsive pleading until October 8, 1987, the date when their Demurrer was actually filed with the Clerk. (It would obviously afford the Crenshaws no relief to grant them leave until October 7, 1987, as requested in their draft Dismissal Decree.) The Crenshaws may refile their Requests for Admission at this time.

Summary judgment is hereby denied without prejudice to the Crenshaws' right to renew such motion when the record is properly developed.